The **GRATEFUL PALATE INC.; Marquis Philips Pty Ltd.; Daniel Philips, Plaintiffs–Appellants,**

v.

**JOSHUA TREE IMPORTS, LLC, a California Limited Liability Corporation, Defendant–Appellee.**

No. 06–55855.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Feb. 13, 2007.

---

Marvin Gelfand, Esq., Gelfand & Glaser LLP, Los Angeles, CA, for Plaintiffs–Appellants.

Scott Lee Shabel, Esq., Shabel Law Offices, Los Angeles, CA, for Defendant–Appellee.

---

* The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

Before: REINHARDT and BYBEE, Circuit Judges, and BURNS *, District Judge.

## MEMORANDUM **

The facts in this expedited appeal are known to the parties, and we do not repeat them here. We review the district court's denial of a motion for preliminary injunction for abuse of discretion. *Harris v. Bd. of Supervisors*, 366 F.3d 754, 760 (9th Cir. 2004). Although our review is "limited and deferential," *Southwest Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir.2003) (en banc) (per curiam), we will find an abuse of discretion when the district court relies on an erroneous legal standard, *Harris*, 366 F.3d at 760.

To obtain a preliminary injunction in a trademark action, the plaintiff must establish " 'either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in his favor.' " *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir.1999) (quoting *Sardi's Rest. Corp. v. Sardie*, 755 F.2d 719, 723 (9th Cir.1985)). The district court held that Grateful Palate had not satisfied the first element in this test because it had neither demonstrated that it was likely to succeed on the merits nor raised serious questions going to the merits of its claim. The district court reached this conclusion because it believed that controlling Ninth Circuit precedent held that an unauthorized first sale of a trademarked good, without more, does not constitute per se trademark infringement. [ER 320–22] *See*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Monte Carlo Shirt, Inc. v. Daewoo Int'l (America) Corp.*, 707 F.2d 1054 (9th Cir. 1983). However, as we have noted in subsequent cases, *Monte Carlo* was decided under California common law and did not involve any claims arising under the Lanham Act. *See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 620 (9th Cir.1993) (distinguishing *Monte Carlo* as presenting different facts and as involving state common law rather than Lanham Act claims). Thus, although California trademark law is "substantially congruent" to federal trademark law under the Lanham Act, *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir.1994), and *Monte Carlo* may therefore provide guidance in cases presenting similar claims arising under federal law, it is not binding in such cases.

Moreover, our more recent cases make clear that we, along with every other circuit to have considered the question, recognize that trademark holders possess certain rights over the initial sale of a product that they do not have over subsequent sales in the stream of commerce. *See, e.g., State of Idaho Potato Comm'n v. G & T Terminal Pack., Inc.*, 425 F.3d 708, 721 (9th Cir.2005); *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1074 (9th Cir.1995) (per curiam) (stating that "the right of a producer to control distribution of its trademarked product does not extend beyond the first sale of the product"); *Intel*, 6 F.3d at 618(" 'One of the most valuable and important protections afforded by the Lanham Act is the right to control the quality of the goods manufactured and sold under the holder's trademark.' " (quoting *El Greco Leather Prods. Co., Inc. v. Shoe World, Inc.*, 806 F.2d 392, 395 (2d Cir.1986))). Under the first sale doctrine, the mark holder may ordinarily control the initial sale of the product, and a product sold without the authorization of the mark holder is generally deemed non-genuine for purposes of

the Lanham Act. After that first sale, however, the trademark holder may establish infringement only if he demonstrates that the goods are materially different. *See, e.g., Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1085 (9th Cir.1998).

■ Without deciding the ultimate issue, we hold that the district court abused its discretion by concluding that it was required by *Monte Carlo* to reject Grateful Palate's infringement claim unless Grateful Palate could demonstrate that the wines imported by Joshua Tree were materially different from the wines that Grateful Palate itself sold under its trademarks. In fact, *Monte Carlo's* applicability in Lanham Act cases remains an open question. We therefore hold that the question before the court is a serious one, going to the merits of Grateful Palate's claim.

Joshua Tree insists that even if *Monte Carlo* does not apply to Grateful Palate's Lanham Act claim, Grateful Palate's owner, Daniel Philips ("Philips"), has authorized the sale by S & S Marquis to Joshua Tree through an express contractual license to sell the wines in the event of a breach by Philips. This alleged breach is currently being litigated in Australian courts, and we will not venture to speculate as to the outcome of that litigation. However, Joshua Tree remains free to attempt to persuade the district court that the question of breach is likely to be resolved in its favor and thus that there is no "serious question going to the merits," *Brookfield*, 174 F.3d at 1046, or that the question is far less serious than it would otherwise be.

■ The second element of the preliminary injunction inquiry is to determine whether the "balance of hardships tips sharply in [the plaintiff's] favor." *Id.* The district court, having concluded that Grateful Palate had presented no viable trade-

mark claim, did not reach this question. On remand, the district court should take into account the extent and type of injury that each party would incur in the event the court errs in granting or denying the preliminary injunction and the ability of both parties to obtain a legal remedy for such injuries.

**VACATED** and **REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.